IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCUS SHAMILLYON JACKSON,

Petitioner,

v.                                      CASE NO.  16-3124-SAC

DONALD ASH, et al.,

Respondents.

ORDER TO SHOW CAUSE

Petitioner is a pretrial detainee at the Wyandotte County
Detention Center in Kansas City, Kansas.  He filed this pro se
petition for writ of habeas corpus under 28 U.S.C. § 2241.
Petitioner is hereby required to show good cause in writing why
this action should not be dismissed for the reasons stated
below.

I.  Nature of the Matter before the Court

Petitioner complains regarding parts of his ongoing state
criminal proceedings including his arrest and the preliminary
hearing.  He claims that state law and his federal
constitutional rights have been violated.  The background facts
are gathered from the petition and exhibits and appear to be as
follows.  On October 13, 2015, a warrant issued for petitioner's
arrest on charges of aggravated burglary and eluding police
officer.  Petition (Doc. 1), "Warrant" at pg. 28.  Sheriff

1

Donald Ash executed the arrest warrant against petitioner.  *Id.*
"Sheriff's Return," at pg. 26.  On October 14, 2015, a Judge of
the Wyandotte County District in Kansas City, Kansas, conducted
a "First Appearance" in *State v. Jackson*, 2015-CR-000914.  The
warrant was read to defendant and he pled not guilty.  A
preliminary hearing was set for October 20, 2015, and bond was
fixed at $50,000.  *Id.* at pg. 26; "ROA Report," at pg. 27.

     As Ground One in his pleading, petitioner claims that he
was not provided an in-person preliminary hearing within 15 days
of his First Appearance as required by Kansas law.  As Ground
Two, he claims that he has a "right to file and present oral
motions."  He again cites state law along with the Fourteenth
Amendment.  In support, he alleges that he filed a motion to
dismiss but the court stated on the record that it would not
entertain or rule on any pro se motions.  As Ground Three,
petitioner claims that the arrest warrant was issued without
probable cause.  In support, he alleges that no evidence was
presented to secure an arrest warrant.

     When petitioner is asked on the form petition whether he
appealed the challenged decision, he responds negatively.  When
asked to provide more information about the challenged decision
and if he has "filed any other petition, application or motion
about the issues raised in this petition," he responds only that

2

in May 2015 he filed a Motion to Dismiss in the trial court that raised the above grounds.

Petitioner generally alleges that he is challenging his pretrial detention. He asks this court to rule on his motion to dismiss,[1] dismiss all charges against him due to the alleged violations, "dismiss or suppress arrest warrant," grant a new preliminary hearing, and grant another lawyer.

## II.  Filing Fee

The statutory fee for filing a federal habeas corpus petition is $5.00. The court issued a Notice of Deficiency to petitioner on the day his petition was filed because he neither paid the fee nor submitted a motion to proceed in forma pauperis (IFP). Petitioner thereafter filed an IFP Motion upon the court-approved forms provided with the notice, which included an affidavit and statement of his assets. 28 U.S.C. § 1915(a)(1). However, the court issued another Notice of Deficiency requiring petitioner to submit a certified copy of his inmate account statement for the 6-month period immediately preceding the filing of the petition as required by federal statute. Petitioner had not provided this financial information with his

---

[1]     Petitioner attaches a copy of his pro se Motion to Dismiss that was filed in the trial court on May 4, 2016. *Id.* at pg. 22. This motion contains many conclusory statements and arguments and is often difficult to understand. To the extent that this exhibit is offered to bolster petitioner's claims in his federal petition, it fails to allege adequate facts in support.

3

IFP motion.   However, upon reviewing the petition, the court discovered that petitioner had submitted an "Inmate Balance History Report" with the exhibits attached to his petition. Petitioner should have atttaced this information to a proper IFP motion or at least referenced it in his IFP motion.   Now that the court has found petitioner's financial information, he no longer is required to comply with the pending Notice of Deficiency.   The clerk is directed to copy the financial information improperly attached to the petition and docket it as support for his IFP motion.   The court grants petitioner's motion based upon the balance in his inmate account.

## III.  Legal Standards

### A.  Screening

Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254 (HC Rule 4), requires the court to review a habeas corpus petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading under certain circumstances:

> If it plainly appears from the petition and any
> attached exhibits that the petitioner is not entitled
> to relief in the district court, the judge must
> dismiss the petition and direct the clerk to notify
> the petitioner . . . .

4

HC Rule 4 (applicable through HC Rule 1(b)); see also *Mayle v. Felix*, 545 U.S. 644, 655 (2005); see also *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### B. Exhaustion of State Court Remedies

Generally, federal habeas corpus relief is not available to a state prisoner unless all state court remedies were exhausted before the petition was filed.  28 U.S.C. § 2254(b)(1)(A)[2]; see also *Wainwright v. Sykes*, 433 U.S. 72, 80-81 (1977).  "States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)(explaining that the exhaustion requirement is "grounded in principles of comity").  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  It is the petitioner's burden to prove that he

---

[2]    28 U.S.C. § 2254(b)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.*

fully exhausted all state court remedies prior to filing his petition in federal court. Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." *Id.* at 845. This means that each claim must have been "properly presented" as a federal constitutional issue "to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). It has long been established that a § 2254 petition containing federal claims which have not been exhausted in state court must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 513-20 (1982).

## C. Younger Doctrine

Petitioner's criminal prosecution is presented as an ongoing state court proceeding. Under *Younger v. Harris*, 401 U.S. 37 (1971), this court must abstain from review of such proceedings. *Younger* abstention is jurisdictional. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004)(citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n. 3 (1998)). According to the Supreme Court, federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any

6

federal constitutional challenges. *Younger*, 401 U.S. at 45, 49. The *Younger* abstention doctrine, if applied, obligates the Court to dismiss an action in favor of an ongoing state proceeding. *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001); *Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir.1999)). Under *Younger*, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *Unified Sch. Dist. No. 497*, 392 F.3d at 1227-28. Therefore, this Court must abstain from exercising jurisdiction if the following conditions are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel*, 240 F.3d at 875.

**V. Discussion**

The court has examined the instant petition and attachments under HC Rule 4, and finds that the application should be summarily dismissed for several reasons. First, petitioner asks this court to dismiss his state charges. However, he utterly

fails to show that he has properly and fully exhausted any state court remedies on his claims. Petitioner's own allegations indicate that his trial has not been completed and he has not litigated any of his claims by way of direct appeal in the state courts or through a state post-conviction motion and collateral appeal. Petitioner presents no facts showing either that state court remedies do not exist or that circumstances do exist that render such process ineffective. It is thus clear from the face of the pleadings that petitioner has not met his burden of showing that he properly exhausted all available state court remedies before filing this action in federal court. Accordingly, this habeas corpus petition is subject to dismissal, without prejudice, for failure to exhaust state court remedies prior to seeking relief in federal court.

Second, the *Younger* factors are all obviously present in this case, including that the Kansas courts provide an adequate forum to hear all the claims raised in this federal petition. Petitioner does not allege any facts suggesting otherwise, and this court may not simply presume otherwise. Accordingly, this federal court must abstain from reviewing petitioner's ongoing state criminal proceedings.

Third, this court has no authority to make rulings in petitioner's state criminal proceedings. Petitioner asks this

8

court to rule on the motion to dismiss that he filed in the state trial court[3] and to grant him a new preliminary hearing and lawyer.  Petitioner's remedy for any adverse ruling in the trial court on these matters is to appeal that ruling to the appropriate state appellate court.  Petitioner is cautioned that he must properly present every challenge he has to his state criminal proceedings to the state trial court in the first instance.  Then, if he is convicted, he must present his claims on direct appeal to the Kansas Court of Appeals and ultimately to the Kansas Supreme Court.  If he fails to properly present his claims in the state courts, he may be held to have waived such claims.

Finally petitioner fails to state a claim for relief under 28 U.S.C. § 2241.  He alleges no facts whatsoever to suggest that his current detention on state criminal charges violates federal law or the United States Constitution.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion For Leave to Proceed in forma pauperis (Doc. 3) is granted; that the Notice of Deficiency entered on June 20, 2016 (Doc. 4) is now moot and petitioner is no longer required to

---

[3]      The state court is not required to consider pro se filings by a defendant that is represented by counsel.  Petitioner would do well to consult with his counsel as to any claims he may have and proper court procedures, and to discuss any objections he has to his counsel with the state court.

9

respond to that order, and that the clerk shall copy petitioner's financial information that is among the exhibits attached to his petition and docket the copy as "Financial Information in Support of Petitioner's Motion to Proceed in forma pauperis."

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days in which to show good cause, in writing, why this action should not be dismissed due to his failure to exhaust state court remedies, the *Younger* abstention doctrine, and his failure to state a claim for relief under Section 2241.

**IT IS SO ORDERED.**

**Dated this 29th day of June, 2016, at Topeka, Kansas.**

**s/Sam A. Crow**
**U. S. Senior District Judge**